IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBBIN PRITCHETT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 2:23-cv-01365-RDP |
| **MIDLAND CREDIT MANAGEMENT,** ) | |
| **LLC, et al.,** ) | **OPPOSED** |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW**, the Plaintiff, ROBBIN PRITCHETT, by and through the undersigned counsel of record, and replies to Defendant Midland Credit Management, Inc.'s, Response in Opposition to Plaintiff Robbin Pritchett's Motion for Partial Summary Judgment (ECF 37).

**INTRODUCTION**

MCM improperly narrows Eleventh Circuit precedent by arguing that a communication must include punitive threats and an "animating purpose" to qualify as "in connection with the collection of a debt," disregarding the broader, context-based analysis in *Caceres* and *Pinson*. Pritchett properly invoked § 1692c(a)(1) by giving clear notice that mail was inconvenient, and Regulation F confirms mail is a location-based medium. MCM's continued mail communication violated § 1692d causing harassment and emotional distress. Additionally, MCM violated § 1692e(10) by falsely telling Pritchett she had failed to properly exercise her rights under the FDCPA in that she had requested account information and documentation be mailed to her.

**FACTS**

A.  **Pritchett's reply to MCM's dispute of Pritchett's Statement of Facts.**

Pritchett likewise incorporates her Disputes with MCM's Claimed Undisputed Facts in her Response in Opposition to MCM's Motion for Summary Judgment[1].

**MCM's dispute**: Midland disputes Pritchett's characterization that the original account letter constitutes a portion of Midland's actual letter to Pritchett; the account statement was "appended" to Midland's letter. ECF 37, p. 4, ¶ 17.

**Pritchett's reply:** By all accounts, MCM enclosed and expressly directed Pritchett to the account statement. ECF 24-21, p. 2-6. The MCM letter expressly derived the information which it purported Pritchett had requested, in part, from this account statement. ECF 25-6, p. 2.

**MCM's dispute:** Pritchett has cited no evidence that employees at the telephone numbers in its letter are authorized to accept payments. ECF 37, p. 4, ¶ 19.

**Pritchett's reply:** The telephone numbers are a general line where consumers may "chat" with Midland. Ostensibly, a general line includes options for payment. ECF 25, p. 54 (206:4-22).

B.  **Pritchett's reply to MCM's "Statement of Indisputable, Relevant, Material Facts.**

Again, Pritchett incorporates her Disputes with MCM's Claimed Undisputed Facts in her Response in Opposition to MCM's Motion for Summary Judgment[2].

## ARGUMENT

A.  **MCM's letter satisfies the criteria as in connection with the collection of a debt.**

MCM argues that the MCM letter does not meet necessary criteria that courts have considered in determining whether a communication is "in connection with the collection of a debt" because the communication *must* contain threatening language of adverse, or "punitive

---

[1] ECF 34, p. 5-8. See ECF 37, p. 5, MCM incorporating by reference ECF 28, at pp. 3-1, ¶¶ 1-23.
[2] ECF 34, p. 5-8.

actions"[3]. MCM's argument, however, improperly treats these criteria as mandatory requirements, rather than as relevant but non-exhaustive factors in a broader analysis. The Eleventh Circuit has not established a bright-line rule for determining whether a communication is in connection with the collection of a debt. *Parker v. Midland Credit Mgmt, Inc.*, 874 F. Supp. 2d 1353, 1357 (M.D. Fla. 2012). Communications without punitive threats can still qualify if they contain implicit demands. *Caceres v. McCalla Raymer, LLC*, 755 F. 3d 1299 (11th Cir. 2014); *Pinson v. Albertelli Law Partners LLC*, 618 F. App'x 551 (11th Cir. 2015)(unpublished)[4].

      The cases cited by MCM do not hold that any one of these specific criteria are an absolute *must*. Instead, courts conduct a holistic analysis, considering the substance, purpose, and context of the communication. This principle is consistent with the FDCPA's broad remedial purpose, to protect consumers from deceptive and abusive debt collection practices[5]. MCM's narrow interpretation would undermine the statute. Whether a debt collector takes punitive actions *is entirely within the debt collector's own discretion*. In some cases, like attorney's fees, such actions may not even be an option. Debt collectors often choose to forgo punitive actions yet still actively collect debts through written communications. Under MCM's rigid standard, they could evade FDCPA liability simply by omitting punitive elements. The key question is not whether a

---

[3] ECF 37, pp. 7-11.

[4] *See also Morton v. Lien Filers, Etc. of Health W. Williams, L.L.C.*, 2024 WL 1266186, at *4 (11th Cir. March 26, 2024)(adhering to the Eleventh Circuit's *Daniels* and *Lamirand* rulings that a communication has the necessary nexus with debt collection under the FDCPA if it 1) conveys information about a debt and 2) its aim is at least in part to induce the debtor to pay. *See Daniels v. Select Portfolio Servicing, Inc.*, 34 F. 4th 1260, 1272-73 (11th Cir. 2022); *Lamirand v. Fay Servicing, LLC*, 38 F.4th 976, 980 (11th Cir. 2022. "To be actionable under the FDCPA, 'a communication need not itself be a collection attempt; it need only be 'connect[ed] to one.'" *Hamilton v. Avectus Health Care Solutions, LLC*, No. 5:13-cv-019678-SGC, 2015 WL 5693610, at *4 (N.D. Ala. Sept. 29, 2015)(Reviewing FRCP 12(b)(6) dismissal of FDCPA claim)(citing *Grden v. Leikin Ingber & Winters PC*, 643 F. 3d 169, 173 (6th Cir. 2011)).

[5] *Agrelo v. Affinity Management Services, LLC*, 841 F.3d 944, 951 n.11 (11th Cir. 2016) ("*See Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th Cir. 1998) (holding that a consumer protection statute "is remedial in nature and therefore must be construed liberally in order to best serve Congress' intent"); *see also Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) ("Because the FDCPA is a remedial statute, [courts] construe its language broadly, so as to effect its purpose." (internal citation omitted).");  *Owen v. I.C. System*, 629 F.3d 1263, 1270-71 (11th Cir. 2011)

communication includes punitive actions, but whether, in substance and effect, it seeks to induce payment or advance collection. MCM argues that a communication qualifies under the FDCPA if its "animating purpose" is to collect a debt[6]. To support this, MCM cites *Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 801 (11th Cir. 2016), an unpublished case that does not mention "animating purpose"[7]. The quote MCM relies on from *Farquharson*, however, originates from *Caceres*[8]. *Pinson*, in building on *Caceres*, broadly proscribed the elements of an implicit demand under the FDCPA without requiring any threat of "punitive action"[9].

Among *Caceres*, *Pinson*, *Lamirand*, and *Daniels*, the only mention of "animating purpose"—aside from the dissent in *Daniels*—occurs in *Pinson*, where the court noted that the district court had relied on "animating purpose" before ultimately ruling that it erred by ignoring the four factors of an implicit demand. *Daniels*, at 1280; *Pinson*, at 553. MCM reaches back to a 2011 Sixth Circuit case, *Grden*, to support MCM's argument of animating purpose and of punitive action language[10]. But *Grden* was not decided on punitive action language—it found that the plaintiff expressly requested that documentation be sent by the debt collector. *Grden* did, interestingly, state that a communication that even just "merely refers" a debtor to another document demanding payment <u>serves the same purpose as an express demand</u>. *Grden*, at 173. The MCM letter expressly directed Pritchett to the enclosed account statement expressly communicating that the debt was due at the time of the statement. Unlike the plaintiff in *Grden*, <u>Pritchett did not request this or any documentation from MCM</u>.

---

[6] ECF 37, p. 6 (citing *Parker*, at 1357).
[7] ECF 37, p. 6 (citing *Farquharson*, at 801).
[8] ECF 37, p. 6. See *Farquharson*, at 801 (citing *Caceres*, at 1302).
[9] "A demand for payment need not be express; there may be an implicit demand for payment where the letter [1] states the amount of the debt, [2] describes how the debt may be paid, [3] provides the phone number and address to send payment, and [4] expressly states that the letter is for the purpose of collecting a debt. *Caceres*, 755 F.3d at 1303 & n.2." *Pinson*, at 554. (Bracketed numerals added).
[10] ECF 37, p. 10. (citing *Grden v. Leikin Ingber & Winters PC*, 643 F. 3d 169, 173 (6th Cir. 2011).

MCM relies on *Muller v. Midland Funding, LLC*[11], the pertinent part of which relied almost exclusively on a district court opinion in *Hart v. FCI Lender Servs., Inc.*—later vacated by the Second Circuit for its flawed analysis[12]. *Muller* considered whether Midland's letter with an "attempt to collect" disclosure and a payment mailing address constituted a communication in connection with debt collection. *Muller*, at *2, *5. Rather than adhere to *Reese* or *Caceres* (*Muller* predated *Pinson*), *Muller* adopted the (now vacated) *Hart* district court's reasoning to conclude that this did not indicate the debt collector was trying to collect. *Muller*, at *5. The Second Circuit, however, rejected this approach, holding that courts should assess whether a consumer could reasonably interpret the disclosure as debt collection, not the debt collector's intent behind including the disclosure. *Hart*, 797 F.3d at 225. This reasoning aligns with *Caceres*, and *Pinson*.

**B. MCM Mischaracterizes Pritchett's Notice of Inconvenient Location.**

MCM's argument mischaracterizes both the nature of Pritchett's claim and the legal framework governing inconvenient locations under § 1692c(a)(1). The assertion that § 1692c(a)(1) does not regulate communication *mediums* is a red herring—Pritchett's § 1692c(a)(1) claim is not about a *medium* but rather about an inconvenient *location*. Pritchett informed MCM that receiving documentation through the mail from them was inconvenient. Her statement was made in the context of providing her home address, further making it unambiguous that she was identifying mail to her home as inconvenient. Unlike the plaintiffs in *Marks, Kirk, Harris, Ford,* and *White*, Pritchett did not merely or only express a preference for email or text; she affirmatively identified mail as an inconvenient location[13].

---

[11] ECF 37, p. 10.
[12] *Muller v. Midland Funding, LLC*, No. 14-cv-81117-KAM, 2015 WL 2412361, at *5-7 (S.D. Fla. May 20, 2015)(citing *Hart v. FCI Lender Servs., Inc.*, No-CV-6076 CJS, 2014 WL 198337 (W.D. N.Y. Jan. 15, 2014)(vacated and remanded by *Hart v. FCI Lender Services, Inc.*, 797 F. 3d 219 (2nd Cir. 2018).)
[13] *Marks v. Javitch Block LLC*, No. 1:23-cv-431-MJT-CLS, 2024 WL 1134037 (E.D. Tex. Mar. 14, 2024) Unlike the plaintiff in *Marks*, who failed to plead that receiving mail was inconvenient, Pritchett here expressly informed MCM

The facts in *Lusk* suffer from this same distinction in that the plaintiff said nothing specifically or expressly with regard to mail as did Pritchett. *Lusk v. Midland Credit Management, Inc.*, No. CIV-24-381-R, 2024 WL 4171355 (W.D. Okla. Sept. 12, 2024). The court in *Lusk* did not, as MCM asserts, hold that notice of mail as inconvenient cannot act as notice that mail to the home is inconvenient[14]. It held that, although notice that email is the only convenient medium may imply that mail to one's home is not convenient, that restriction of medium by itself does not act as a notice of inconvenient location. *Lusk*, at *3. The key distinction is inescapable—Pritchett expressly gave notice that mail was inconvenient. Reg. F confirms that mail is a location-based communication medium under § 1692c(a)(1), while distinguishing email and text as not location-based. And to say that Pritchett's claim must fail because Reg. F does not provide a private right of action is a misplaced attack. Prichett's claim is based on § 1692c(a)(1), which is expressly enforceable through § 1692k as a private right of action. Reg. F, as expressly authorized by Congress, duly clarifies the scope of § 1692c(a)(1)[15].

MCM argues that because Pritchett received other mail, she does not actually find mail itself inconvenient. This is a false premise. The issue is not *whether mail in general is inconvenient* but whether *receiving collection mail from MCM at her home was inconvenient*. Neither the FDCPA nor the courts require a consumer to *reject all mail* to establish inconvenience. Mail from

---

that mail was inconvenient, and MCM was aware of this.; *Kirk v. Credit Management L.P.*, No. 2:23-cv-00482-ECM-KFP, 2024 WL 3240564, at *3 (M.D. Ala. June 28, 2024) The plaintiff only told the debt collector that email was the only convenient way to contact her, *saying nothing of mail being inconvenient.*; *Harris v. Transworld Systems, Inc.*, No. 1:23-cv-5253-MLB-JKL, 2024 WL 4649238 (N.D. Ga. Sep. 11, 2024) The *pro se* plaintiff's instruction that email was the only convenient medium did not act as an inherent notice that her home was an inconvenient location.; *Ford v. Midland Credit Mgmt, Inc.*, No. 3:23-cv-00213-TCB-RGV, 2024 WL 3813750 (N.D. G. July 8, 2024) Consumer made no factual allegation about any express notice that mail to the consumer's home was inconvenient.; *White v. LVNV Funding. LLC*, No. 2:24-cv-00140-CDS-BNW, 2024 WL 365404 (D. Nev. Jan. 30, 2024) Court did not allow a pro se plaintiff to pass her preference for email as implicit notice to the debt collector that mail to her home was inconvenient.

[14] ECF 37, p. 13.
[15] 12 U.S.C. Section 5581(a)(1); 15 U.S.C. Section 1692l(a).

a debt collector invokes specific statutory rights apart from a power bill or a wedding invitation. § 1692c(a)(1) only requires that the consumer give notice that mail from a particular debt collector is inconvenient. Pritchett faced significant problems from receiving MCM's mail at home, as her adult children could retrieve her mail, her husband's struggles made collection notices distressing, and past incidents of neighbors accessing her mail increased her concerns. To say, as MCM does, that her only convenience issue is the *content* of the mail, not the *receipt* of the mail at her home, ignores this entire body of evidence.

### C. MCM violated § 1692d by ignoring Pritchett's clear and unequivocal restriction on communicating with her by mail and sending her documentation through the mail.

Pritchett unambiguously invoked her right under § 1692d and Reg. F to restrict MCM's use of mail as a medium of communication. She further specified that the only acceptable methods of communication were email and text. MCM received this request and was legally required to comply. § 1692d; 12 C.F.R. § 1006.14(h). Reg. F explicitly states that restricting a communication medium is a protected right under § 1692d. 12 C.F.R. § 1006.14(h). Despite this, MCM disregarded her restriction and sent a collection communication to her home via mail. Notably, MCM never attempted to contact Pritchett through the mediums she expressly designated as convenient—email or text. MCM's failure to comply with § 1692d and 12 C.F.R. § 1006.14(h) constitutes harassment as a matter of law. Pritchett's financial and personal circumstances made MCM's mail communication particularly harmful[16]. The plain language of the FDCPA does not require a threshold number of prohibited communications to afford her protection. MCM may argue it only sent the documents once, as if it had two more "strikes" before violating the law— but once was enough. That single communication through a restricted medium, especially when

---

[16] *See Blecher v. Central Credit Services, Inc.*, 2011 WL 13229640 (Incorrectly cited in ECF 30, p. 20, as 2011 WL 1322964*2*.) (quoting *Jeter v. Credit Bureau*, 760 F. 2d 1168, 1179 (11th Cir. 1985).

considered in conjunction with MCM's other FDCPA violations—sending mail to an inconvenient location and falsely stating she had not invoked her FDCPA rights—clearly constitutes harassment, oppression, and abuse.

### D. MCM violated § 1692e by misrepresenting the nature of Pritchett's requests in exercise of her FDCPA rights.

MCM falsely claimed that Pritchett had inquired about the accuracy of her account and had requested documentation when she had explicitly stated the opposite in direct violation of § 1692e(10). The Eleventh Circuit has not adopted a materiality requirement under § 1692e[17], and even if materiality were required, MCM's false statements directly misrepresented whether she had exercised her rights under the FDCPA. A misrepresentation is considered material if it has the potential to influence a consumer's decision to pay or dispute a debt. *Id.; Jones v. Jason A. Craig & Assocs., P.C.*, 2019 WL 362273, at *3 (M.D. Ga. Jan. 29, 2019)*. MCM's misrepresentation of whether Pritchett had effectively exercised her rights certainly has the potential to influence a decision to pay or dispute a debt. Misrepresentations do not need to be harmful to be actionable, the FDCPA is a strict liability statute that must be construed liberally in favor of consumers. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012) ("A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed."); *see also Owen*, at 1270-71. The Eleventh Circuit in *Bourff* stated; "The use of "or" in § 1692e means that to violate the FDCPA, a representation by a "debt collector" must *merely* be false, deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." *Bourff,* 674 F.3d at 1241. Four years later, the Eleventh Circuit ruled that a

---

[17] *Bell v. Midland Funding, LLC*, 2018 WL 11243692, at *4 (M.D. Fla. Mar. 8, 2018) (unpublished).

debtor's status as a lawyer does not affect susceptibility to §1692e misrepresentation, reaffirming the FDCPA's consumer protection purpose, that a statement's falsity before even those with heightened awareness does not diminish its deceptive impact which the law seeks to prohibit. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1277 (11th Cir. 2016).  Compare *Bishop*, a 2016 Eleventh Circuit Court of Appeals decision, to the 2014 District Court case that MCM relies on, *Miljkovic v. Shafritz & Dinkin, P.A.*, No. 8-14-cv-635-T-33TBM, 2014 WL 3587550 (M.D. Fla. July 18, 2014), which dismissed a consumer's §1692e because the consumer was represented by an attorney.  *Id.*, at *20.  MCM argues that a least sophisticated consumer would not be misled because she would remember what she wrote. Yet, MCM itself claims it "understood" those same words to mean something entirely different while insisting the consumer could not be cause to second-guess. Regardless, the deception is about what MCM told Pritchett she said as much as the deception is about what MCM *claims it understood* Pritchett to have said.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully requests that this honorable Court grant Plaintiff's Motion for Partial Summary Judgment finding that the Defendant violated § 1692c(a)(1), § 1692d, and § 1692e, and proceed to jury trial on damages and on the Plaintiff's remaining claims against the Defendant.

Respectfully Submitted,

*/s/ W. James Sears*
**W. James Sears**; james@wattsherring.com
**John G. Watts**; john@wattsherring.com
**M. Stan Herring**; stan@wattsherring.com
Watts & Herring, LLC,
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 10, 2025**, I served the foregoing via electronic mail and/or by placing a copy in the U.S. mail, postage prepaid and properly addressed, to the following counsel of record:

Jason B. Tompkins
Thomas R. DeBray, Jr.
Connor W. Herfurth
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

                                                        */s/ W. James Sears*
                                                       Of Counsel